IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:15-CR-00343-F

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JOSE ENILSON ALDANA | ) | |
| | ) | |

This matter is before the court on the Government's Appeal [DE-14] of the Magistrate Judge's Order Setting Conditions of Release [DE-11]. Although neither Defendant nor the Government seeks to introduce additional evidence, the Government has filed a memorandum asserting the basis for the appeal of the Magistrate Judge's Order allowing Defendant's release and Defendant has responded. The court has conducted a *de novo* review of the record.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On October 30, 2015, Defendant Jose Enilson Aldana was arrested pursuant to a Criminal Complaint [DE-1] on charges of knowingly possessing a document prescribed by statute and regulation for entry into and as evidence of authorized stay and employment in the United States, which the defendant knew to have been unlawfully obtained, in violation of 18 U.S.C. § 1546(a). Aldana's Initial Appearance was that day before United States Magistrate Judge Robert T. Numbers, II. The Government moved for detention. Judge Numbers ordered Aldana temporarily detained pending a Detention Hearing. [DE-6]. On November 4, 2015, Judge Numbers conducted the Detention Hearing, at which he determined that Aldana presented no significant threat to the community or risk of flight. Judge Numbers denied the Government's motion for pretrial detention, conditioning release on 24-hour home confinement and on Aldana's wife

serving as third-party custodian. Judge Numbers stayed the Order, pending appeal, on motion of the Government. On November 5, 2015, the Government filed its Appeal [DE-14]. Aldana filed his Response [DE-23] on November 30, 2015, and the matter is now ripe for disposition.

## II. STANDARD OF REVIEW

Under the Bail Reform Act, a court should release a defendant on a personal recognizance, unsecured bond, or specified condition or combination of conditions, whichever is the least restrictive necessary, to assure the defendant's appearance and the safety of others and the community. 18 U.S.C. § 3142(a)–(c). A defendant must be detained pending trial if, after a hearing, the court finds "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." *Id.* § 3142(e). In reaching its decision, the court is to consider: (1) "the nature and circumstances of the offense charged"; (2) "the weight of the evidence against the person"; (3) "the history and characteristics of the person"; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." *Id.* § 3142(g).

## III. DISCUSSION

At the Detention Hearing, the Government presented evidence that Aldana, a citizen of El Salvador, had been living under the name of J.E.F.T. ("the victim") and presenting himself as an American citizen for several years. On October 27, 2015, after being confronted by federal agents, Aldana had admitted to purchasing, in 2007, a birth certificate and Social Security card bearing the victim's name. Aldana had used that documentation to apply for a position at Case Farms and to obtain Ohio and North Carolina identification cards and a North Carolina driver's license in the victim's name. In addition, Aldana had been convicted, under the victim's name, of several traffic violations and a driving while drinking beer or wine charge.

Aldana introduced the testimony of his wife, Julia Aldana, and his mother-in-law, Irma Leticia Prado Castellano. Both women testified to Aldana's strong family connections and responsibilities. Aldana lives with his wife and their daughter. Additionally, Mrs. Prado Castellano and her three sons have lived with the family since the death of Mrs. Prado Castellano's husband in 2013. Two of Aldana's brothers-in-law are severely disabled. One of them must be lifted in and out of bed and helped to the restroom. Aldana is the only member of his family who is physically able to perform these tasks, and he assumes a great deal of responsibility for the care of all members of the family.

At the Detention Hearing, Judge Numbers concluded that Aldana presented a low risk of flight due to his unique family situation. Accordingly, he allowed pretrial release on strict conditions. On appeal, the Government argues that Aldana presents a high risk of flight based on (1) "his illegal presence in the United States"; (2) his "extensive track-record of previous avoidance of detection by law enforcement"; (3) "his use of the means of identification of the victim"; (4) his "false statements to government officials in federal forms"; (5) his "use of the victim's name and identifiers during law enforcement interactions and judicial proceedings"; (6) the "strength of the government's case (including confession)"; (7) "anticipated aggravated identity theft conviction with mandatory minimum of two (2) years plus a guideline sentence"; and (8) his "likely deportation subsequent to a substantial prison sentence." [DE-14] at 6.

The court is unpersuaded by the Government's arguments. With the exception of its contention regarding the likelihood of Aldana's deportation, the Government's argument seems to speak to two of the factors to be considered under 18 U.S.C. § 3142(g)—the "nature and circumstances of the offense charged" and "the weight of the evidence against the [defendant]." These factors may, indeed, weigh against Aldana. He is accused of living secretly under an

assumed name for years, and the case against him appears strong. The court must also consider, however, the "history and characteristics of the [defendant]" under § 3142(g). Here, the testimony by Mrs. Aldana and Mrs. Prado Castellano indicated that Aldana is dedicated to his family and committed to keeping them together as long as possible. The responsibilities Aldana has assumed—caring for his disabled brothers-in-law and providing shelter to his mother-in-law in her time of need—are consistent with that testimony. It appears unlikely that Aldana would now abandon his family to avoid appearing in court. Further, the possibility of deportation in this case seems unlikely to motivate Aldana to flee, especially when weighed against his family connections. As Aldana argues in his brief, deportation in this case is not a certainty, and faithful adherence to the law from this point forward—including appearing as required in court—can do nothing but benefit Aldana if he eventually faces removal. [DE-23] at 3–6, 13.

After a thorough review of the record, the court finds that Aldana's appearance in court can be adequately ensured with appropriate conditions of release. Accordingly, the court concludes that the decision of the Magistrate Judge is correct, and pretrial detention is unnecessary.

## IV. CONCLUSION

Based on the foregoing, the Magistrate Judge's Order Setting Conditions of Release & Bond [DE-11] is AFFIRMED. It is ORDERED that the stay of said Order be lifted and that Defendant Jose Enilson Aldana be released pending trial according to the terms and conditions set out in that Order.

SO ORDERED.

This the ___ day of December, 2015.

                                                    JAMES C. FOX
                                                    Senior U.S. District Judge